AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| FBCC Citypoint, LP ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:22-cv-01272 |
| ) | |
| The City of Austin, et al. ) | (If the action is pending in another district, state where: ) |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Gabriela Garcia, 4920 N. IH 35, Austin, Texas 78751

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Exhibit A

| Place: Eric Hudson, Terrazas PLLC, 1001 S. Capital of Texas Hwy, Bldg. L-250, Austin, Texas 78746 | Date and Time: November 27, 2023, 9am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 11/6/2023

CLERK OF COURT
                                          OR

_____                    Eric Hudson
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

SERVICE RETURN ATTACHED

ATX Process, LLC
1411 West 6th Street
Austin, TX 78703

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-cv-01272

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                              *Server's signature*

                              _____
                              *Printed name and title*

                              _____
                              *Server's address*

Additional information regarding attempted service, etc:

**SERVICE RETURN ATTACHED**

ATX Process, LLC
1411 West 6th Street
Austin, TX 78703

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

SERVICE RETURN ATTACHED

**ATX Process, LLC**
**1411 West 6th Street**
**Austin, TX 78703**

## EXHIBIT A

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth above the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material.

For all requests herein, all references to any individuals and/or entities in these requests include but are not limited to all agents, representatives, and others acting on behalf of those individuals and entities.

1. All documents and communications that relate to Mueller Flats, any Mueller Flats tenants association, Winter Storm Uri, or the City of Austin's Repeat Offender Program[1] from January 1, 2019 up to and including the present day.

2. All communications between You and the City of Austin relating to Mueller Flats from January 1, 2019 to the present.

3. All communications with any third party regarding Mueller Flats and the City of Austin, Mueller Flats Tenants Association, Winter Storm Uri, and/or the Repeat Offender List.

4. All communications with Greg Casar regarding Mueller Flats.

5. All communications with Greg Casar regarding the City of Austin, any Mueller Flats tenants association, Winter Storm Uri, or the Repeat Offender Program.

6. All notes and memoranda regarding any meetings you attended with the City of Austin related to Mueller Flats and BASTA, the Mueller Flats Tenants Association, Winter Storm Uri, and/or the Repeat Offender List from January 1, 2019 to the present day.

*SERVICE RETURN ATTACHED*

ATX Process, LLC
1411 West 6th Street
Austin, TX 78703

---

[1] The Repeat Offender Program is codified at Ordinances 20130926-012 and 20141120-003. The ordinances may be found at www.austintexas.gov/department/repeat-offender-program (last visited Nov. 3, 2023).

# RETURN OF SERVICE

## UNITED STATES DISTRICT COURT
## Western District of Texas

Case Number: 1:22-CV-01272-LY

Plaintiff:
**FBCC CityPoint LP**

vs.

Defendant:
**The City of Austin, et al.**

For:
Terrazas PLLC
1001 S Capital of Texas Highway
Building L, Suite 250
Austin, TX 78746

Received by Trevor Dylan Arnold on the 6th day of November, 2023 at 3:18 pm to be served on **Gabriela Garcia, 4920 N. IH 35, Austin, Travis County, TX 78751**.

I, Trevor Dylan Arnold, do hereby affirm that on the **8th day of November, 2023 at 2:39 pm, I:**

**INDIVIDUALLY/PERSONALLY** delivered a true and correct copy of the **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action with Exhibit A** with the date of delivery endorsed thereon by me, to **Gabriela Garcia** at the address of **4920 N. IH 35, Austin, Travis County, TX 78751** and informed said person of the contents therein.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred. The facts in this affidavit are within my personal knowledge and are true and correct.

My name is Trevor Dylan Arnold, my date of birth is 8/1/1990 and my address is 7700 N Capital of Texas Hwy, Apt. 822, Austin, TX 78731, USA. I declare under penalty of perjury that the foregoing is true and correct.
Executed in Travis County, Texas.

Trevor Dylan Arnold
PSC-18879, Exp. 9/30/2024     09 Nov 23

**Date**

ATX Process, LLC
1411 W. 6th Street
Austin, TX 78703
(512) 717-5600

Our Job Serial Number: ATX-2023015317
Ref: FBCC CityPoint LP